# TCIIN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TCI ROYALE INC.** § | |
| § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO. 2:23-cv-00105** |
| V. § | |
| § | **JURY TRIAL DEMANDED** |
| **VOLUME TRANSPORTATION, INC.** § | |
| **and JEFFERY STEPHEN JONES** § | |
| § | |
| *Defendants*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TCI ROYALE INC.** ("TCI" or "Plaintiff") complaining of and about **VOLUME TRANSPORTATION, INC.** ("VTI") and **JEFFERY STEPHEN JONES** ("Jones") (collectively, "Defendants") and for causes of action shows unto the Court the following:

### I.

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 as complete diversity exists among the Parties, and Plaintiff seeks monetary damages in excess of $75,000. Plaintiff is a citizen of Texas and Defendants are citizens of Georgia.

2. Venue is proper pursuant to 28. U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### II.

### PARTIES

3. Plaintiff, TCI ROYALE INC., is a Texas corporation organized under the laws of the state of Texas with its principal place of business located at 3302 South Eastman Road,

Longview, Texas 75602.

4. Defendant, VOLUME TRANSPORTATION, INC., is a Georgia corporation with its principal place of business in Conyers, Georgia. VTI is subject to the Court's jurisdiction because its specific Texas contacts associated to the underlying claims and incident justify such. This Defendant may be served with process by delivering a copy of the summons and of the complaint to its registered agent for service of process, Larry S. Sellers, at 133 Gantt Lane, Fayetteville, Georgia, 30215.

5. Defendant, JEFFERY STEPHEN JONES, is a natural person and resident of Georgia. Jones may be served with process at his personal residence, which is located at 306 Underwood Drive, Atlanta, Georgia 30328.

### III.

### FACTS

6. On or about July 20, 2021, Defendant Jones, while in the course and scope of employment for VTI, entered TCI-owned Texas Best Smokehouse #4, located at 3302 S. Eastman Road, Longview, Texas 75602, to purchase fuel for his tractor trailer. While on location, Jones destroyed one of the fuel pump islands while operating his vehicle in an unsafe manner. As a result, Plaintiff's fuel pump was destroyed.



7.	Plaintiff has suffered actual damages as a result of the property damage, including but not limited to, cost of repair and lost profits resulting from the loss of use of the fuel pumps that were destroyed.

## IV.

## **RESPONDEAT SUPERIOR**

8.	Upon information and belief, at the time of the occurrence of the acts in question and immediately prior thereto, Defendant Jones was within the course and scope of his employment for Defendant VTI.

9.	At the time of the occurrence of the acts in question and immediately prior thereto, Defendant Jones was engaged in the furtherance of Defendant VTI's business.

10. At the time of the occurrence of the acts in question and immediately prior thereto, Defendant Jones was engaged in accomplishing a task for which Defendant VTI was employed.

11. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant VTI.

## V.

## AGENCY

12. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant VTI, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant VTI.

13. Therefore, Defendant VTI is liable to the Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## VI.

## CAUSES OF ACTION

A. *Negligence (Against All Defendants)*

14. Plaintiff repeats and realleges each allegation contained above.

15. Plaintiff sustained damages because of Defendants' negligence when Defendants:

- Failed to keep a proper lookout;
- Failed to maintain a safe distance;
- Failed to operate the vehicle safely;
- Failed to properly supervise VTI's employees;
- Failed to properly train VTI's employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations, including but not

limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent.

16. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's damages. As a result of Defendants' negligence, Plaintiff suffered injury for which Plaintiff is entitled to recover monetary damages.

B. *Negligence Per Se (Against All Defendants)*

17. Plaintiff repeats and realleges each allegation contained above.

18. Defendants' conduct described herein constitutes an unexcused breach of the duty imposed by Texas Transportation Code Section 545.401

19. Plaintiff is a member of the class that Texas Transportation Code Section 545.401 was designed to protect.

20. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Section 545.401 proximately caused Plaintiff's property damages described herein.

C. *Negligent Hiring (Against Defendant VTI)*

21. Plaintiff repeats and realleges each allegation contained above.

22. Plaintiff sustained damages as a result of Defendant VTI's negligent hiring because of Defendant VTI's:

- Failure to conduct a reasonable and adequate interview of Defendant Jones as a potential employee;

- Failure to properly follow up on information not provided by Defendant Jones in the interview process;

- Failure to conduct a proper employment and background check;

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Jones's training, prior employment, criminal record, and past;

- Failure to perform the required screening, testing, and physical of Defendant Jones;

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas; and

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. *Negligent Training (Against Defendant VTI)*

23. Plaintiff repeats and realleges each allegation contained above.

24. Plaintiff sustained damages as a result of Defendant VTI's negligent training because of Defendant VTI's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Jones;

- Failure to provide the necessary training to Defendant Jones regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, and in all matters regarding the proper and safer operation and maintenance of a vehicle in various situations;

- Failure to properly train its drivers regarding all aspects of driver safety;

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Jones, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

- Failure to provide and/or require regular follow-up driver education and training; and

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (Against Defendant VTI)*

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff's sustained damages as a result of Defendant VTI's negligent supervision, retention and monitoring because of Defendant VTI's:

- Failure to monitor Defendant Jones to make sure that he was complying with policies and procedures;

- Failure to interview and test Defendant Jones to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

- Failure to implement proper policies and procedures for its employees, including Defendant Jones, regarding driver safety and vehicle safety;

- Failure to document and make a determination regarding fault in the collision made the basis of this suit;

- Failure to supervise Defendant Jones to ensure that he was keeping the vehicle properly maintained; and/or

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

F. *Negligent Entrustment (Against VTI)*

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained property damage as a result of Defendant VTI's negligent entrustment because Defendant VTI:

- Provided a vehicle and/or authority to Defendant Jones who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

G. *Ratification (Against Defendant VTI)*

29. Plaintiff repeats and realleges each allegation contained above.

30. Defendant VTI is responsible for the negligence of its driver under the theory of ratification because Defendant VTI;

- Retained Defendant Jones after he committed the underlying tortious acts;

- Knew of Defendant Jones's tortious acts;

- Recognized that Defendant Jones will likely continue to be negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Jones from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Jones's negligent conduct after Defendant VTI gained knowledge of the conduct.

31. As a result of Defendant Jones's negligent conduct, which Defendant VTI ratified, Plaintiff suffered damages.

## VII.

## **DAMAGES**

32. Plaintiff repeats and realleges each allegation contained above.

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff TCI, has suffered damages for which it seeks monetary compensation in the following non-exclusive areas:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Cost of repairs;

- Lost profits;

- Loss of use; and

- All other relief to which Plaintiff may be entitled.

## VIII.

## **JURY TRIAL DEMANDED**

34. Plaintiff hereby requests a jury trial of this matter.

## IX.

## **PRAYER**

For these reasons, Plaintiff prays that Defendants be duly cited and served with this Complaint, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against all Defendants, in solidio, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all such other general and equitable relief to which Plaintiff may be justly entitled.

DATED:  March 13, 2023                    Respectfully submitted,

/s/ *Stafford Davis*
**STAFFORD DAVIS**
State Bar No. 24054605
**CATHERINE BARTLES**
State Bar No. 24104849
**THE STAFFORD DAVIS FIRM, PC**
815 S Broadway Ave.
Tyler, Texas 75701
(903) 593-7000 (Office)
(903) 705-7369 (Fax)
sdavis@stafforddavisfirm.com

**ATTORNEYS FOR PLAINTIFF**